WALTER G. COWLES ET AL., EXECUTORS, *vs.* EMILY A. COWLES.

First Judicial District, Hartford, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A woman may, by an antenuptial agreement, deprive herself of her statutory right to an allowance from the estate of her deceased husband.

In the present case such an agreement released " all rights of dower, curtesy, or survivorship, as well as all other rights, either vested or inchoate, which may be created or established by virtue of such marriage by the common or statute law." *Held* that the right of the widow to an allowance from the estate of her deceased husband was thereby relinquished.

Argued May 7th—decided May 29th, 1901.

APPEAL from an order and decree of the Court of Probate for the district of Hartford granting an allowance to the defendant from the estate of her deceased husband during its settlement, taken to the Superior Court in Hartford County and tried to the court, *Prentice, J.;* facts found and judgment rendered confirming the action of the Court of Probate, and appeal by the executors for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Walter G. Cowles* and *William R. Matson,* for the appellants (executors).

*Joseph P. Tuttle,* for the appellee (widow).

TORRANCE, J. In March, 1898, Samuel W. Cowles, then seventy-one years old, and Emily Wadsworth, then fifty-eight years old, both residents of this State and possessed of some property, in contemplation of marriage one with the other, entered into an antenuptial agreement, the material provisions of which are these : " In the event that said marriage be consummated, and in contemplation thereof, the parties hereto

hereby expressly and irrevocably remise, release, and relinquish, each to the other, all rights of dower, curtesy, or survivorship, as well as all other rights, either vested or inchoate in the property or estate of either one of the parties hereto, and in favor of the other, which may be created or established by virtue of such marriage, by the common law or any statute now in force or hereafter enacted, as well as in all the accretions and emoluments of such property or estate, saving only that if said Emily A. Wadsworth shall survive the said Samuel W. Cowles, and at the time of his death shall be living with him or absent without fault on her part, the said Samuel W. Cowles agrees to secure to said Emily A. Wadsworth, as a lawful and proper charge upon his estate, an annuity of one hundred and twenty dollars, payable quarterly in cash during each year for the term of her natural life." Subsequently to this, in April, 1898, said parties intermarried. In February, 1900, Mr. Cowles died, leaving a will in which he gave to his widow the annuity agreed upon in the antenuptial agreement, and the sum of $500. All the real estate of which Mr. Cowles died possessed was an undivided·half interest in fee simple in a piece of land with a dwelling thereon, in the other half of which real estate he had a life estate. His estate was appraised at a little over $10,000, the great bulk of which was comprised of his interest in said real estate. Since the death of Mr. Cowles his executors have paid the annuity as it became due according to the terms of the will and antenuptial agreement; and the trial court has found, in effect, that the payment of the annuity is secured, and the payment of it as it becomes due is assured, as is also the payment of the legacy of $500 to the widow, and no question is raised as to these matters. The Court of Probate made an allowance of $200 out of the estate of Mr. Cowles to his widow during the settlement of the estate, and the Superior Court affirmed that order; and no claim is made that this was not a proper allowance if the widow was entitled to any allowance at all.

The important question in the case is whether she is entitled to any allowance at all; and the answer to that question depends upon the construction of the antenuptial agreement.

That a woman, by an antenuptial agreement, *may* deprive herself of her statutory right to an allowance out of the estate of her deceased husband, was expressly decided in *Staub's Appeal*, 66 Conn. 127; so that the controlling question in the present case is whether, in and by the agreement here in question, the appellee has deprived herself of that right.

That the agreement covers, and was intended to be a relinquishment of, all her other rights, claims and interests in the property and estate of her husband, acquired by the marriage, save this statutory right to an allowance, is and must be conceded; and the only dispute between the parties is as to whether it includes that right. Does it include that right? We think it does. The language of the agreement is broad enough to include such a right. After specifically mentioning "all rights of dower, curtesy, or survivorship," it goes on to include "all other rights either vested or inchoate" which she might acquire, by virtue of the marriage, in the "property" or in the "estate" of her husband, under the common law, or by force of any statute. By her marriage she would acquire, under the statute, an "inchoate right" to an allowance out of her husband's "estate," which upon his death would become, in a very practical sense, a right that she could enforce. Such an "inchoate right" comes precisely within the language of the agreement in question, and should be held to be included within it; for we think it would be unreasonable to hold that to include such a right the instrument must specifically describe or name it. The agreement in question appears to have been fairly made, upon adequate consideration, and the parties are entitled to have it construed in such a way as will best carry out their intent as therein expressed. The words they used, fairly and reasonably construed, cover the statutory right to an allowance, and the Superior Court erred in holding that they did not.

There is error in the judgment of the Superior Court and it is set aside, and the cause is remanded to that court to be proceeded with according to law.

In this opinion the other judges concurred, except HAMERSLEY, J., who dissented.